IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA | PLAINTIFF |
| V. | CAUSE NO. 3:16-cv-978-CWR-LRA |
| MISTY SHAVOR, CECELIA GILES, SEAN CHILDERS, THE ESTATE OF DUANE CHILDERS | DEFENDANTS |

## ORDER

Before the Court is Defendants' Motion for Payment of Interest, Attorneys' Fees, and Costs. For the reasons below, the Motion is denied.

### I. Background

On October 18, 2016, Duane Childers died when he crashed his motorcycle into a bridge. At that time, Childers was enrolled in his employer's group life insurance plan. The Guardian Life Insurance Company of America ("Guardian") administered the plan.

The plan included two different types of benefits: (1) life insurance and (2) accidental death and dismemberment ("AD&D"). For life insurance benefits, a claimant had to show only that an insured died. But for AD&D benefits, a claimant had to provide proof of loss showing that death was the "direct result of the accident, independent of all other causes." The plan was governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.

Childers had named his wife Misty Shavor as his sole beneficiary. Following his death, Childers's mother and son, Cecelia Giles and Sean Childers ("the Giles Defendants"), challenged the validity of this designation. Guardian determined that life insurance benefits were payable but, in light of the competing claims, filed this interpleader on December 22, 2016.

Months later, the parties reached a settlement agreement as to how they would divide life insurance benefits. On August 1, 2017, this Court granted the parties' Agreed Motion for Interpleader, and Guardian paid $341,000 of life insurance benefits, including approximately $20,600 of interest.

Guardian had not yet determined whether AD&D benefits were also payable. Beginning in November 2016, Guardian sent Defendants letters, requesting additional proof of loss information, including the medical examiner's report and toxicology report. Guardian advised Defendants that they were responsible for providing adequate proof of loss.

On January 26, 2017, the 90-day deadline to a make a claim determination, pursuant to ERISA, expired with no decision by Guardian. Five days later, Guardian notified Defendants that it needed a 90-day extension to review the claim.

In March 2017, Defendants raised separate counterclaims seeking AD&D benefits. But Defendants agreed to stay their counterclaims until completion of the administrative claims process.[1]

On May 15, 2017, Defense counsel gave verbal permission to extend the deadline beyond the 180 days, as all parties were awaiting the toxicology report and medical examiner's report. Later that month, Shavor's counsel informed Guardian that the medical examiner said the toxicology report was not ready. On August 7, 2017, the medical examiner again advised that the results would not be ready for another 14 days. Guardian eventually received a toxicology report on August 30, 2017, but no medical evaluation.

---

[1] On March 6, 2017, Shavor filed her Answer, Crossclaim against the Giles Defendants, and Counterclaim against Guardian. On March 27, 2017, the Magistrate Judge granted Shavor's Motion to Stay Proceedings as to her Counterclaim. On March 29, 2017, the Giles Defendants filed their Answer, Crossclaim against Shavor, and Counterclaim against Guardian. Although the Giles Defendants filed their Counterclaim after the proceedings were stayed, the Court presumes that the Giles Defendants' Counterclaim was also stayed. Defendants admit that they "later agreed to stay those counterclaims to give Guardian an opportunity to pay without the parties having to spend time and money litigating the validity of the AD&D claim." Docket No. 61 at 2

Because of this delay, Guardian filed a Motion to Stay All Deadlines. On October 5, 2017, Magistrate Judge Linda R. Anderson held a telephonic hearing. She issued the stay and directed Guardian to subpoena the remaining reports, though the examiner had ignored a previous subpoena issued by Shavor.

On October 10, 2017, the medical examiner finally provided his report. Guardian issued the AD&D benefits, without interest, to all Defendants on November 2, 2017. Two weeks later, Defendants jointly filed the instant motion. They seek prejudgment interest on the AD&D payment from the date of death on October 18, 2016, to November 2, 2017, attorneys' fees of $7,500, and other costs.

**II.     Discussion**

    **A.     Prejudgment Interest[2]**

Although ERISA is silent on the matter, *see* 29 U.S.C. § 1132(g)(1), the Court may exercise its discretion to award prejudgment interest. *Perez v. Bruister*, 823 F.3d 250, 275 (5th Cir. 2016). "The award of prejudgment interest is based on the equitable grounds that an injured party should be made whole." *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1330 (5th Cir. 1994) (citation omitted). Such an award serves two purposes: "to compensate prevailing parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit from the inherent delays of litigation." *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 208 (3d Cir. 2004).

Defendants acknowledge that they are not entitled to prejudgment interest under ERISA, but urge this Court to award such interest in its discretion. They cite a number of cases in which courts have discretionarily granted prejudgment interest. *See Anthuis v. Colt Indus. Operating*

---

[2] Defendants initially based their claim for interest on Mississippi law but now concedes that ERISA governs the plan at issue.

*Corp.*, 971 F.2d 999, 1002 (3d Cir. 1992); *Nelson v. EG&G Energy Measurements Grp, Inc.*, 37 F.3d 1384, 1387 (9th Cir. 1994); *Lutheran Med. Ctr. of Omaha, Neb. v. Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan*, 25 F.3d 616, 623 (8th Cir. 1994); *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966 (8th Cir. 2002).

In response, Guardian argues that in each of those cases, the court awarded interest only *after* a judgment on the merits. This distinction is unpersuasive, however. As the Third Circuit notes:

> The principles justifying prejudgment interest also justify an award of interest where benefits are delayed but paid without the beneficiary's having obtained a judgment . . . A late payment of benefits effectively deprives the beneficiary of the time value of his or her money whether or not the beneficiary secured the overdue benefits through a judgment as the result of ERISA litigation . . . To hold that the absence of a judgment deprives the injured beneficiary of the time value of his or her money would create a financial incentive for plans to delay payment and thus retain interest that rightfully belongs to the beneficiary.

*Fotta v. Trustees of United Mine Workers of Am.*, 165 F.3d 209, 212 (3d Cir. 1998).

Nevertheless, the Court finds that an award of prejudgment interest is inappropriate here. This is not a case where the payment of benefits was unreasonably denied or delayed. *See, e.g., Roig v. Ltd. Long Term Disability Program*, No. A-99-2460, 2000 WL 1146522, at *15 (E.D. La. Aug. 4, 2000) (awarding prejudgment interest where plaintiff was "denied access to funds owed her" for nearly two years); *Dunnigan v. Metro. Life Ins. Co.*, 277 F.3d 223, 230 (2d Cir. 2002) (vacating dismissal of plaintiff's claim for interest where payments were unjustly delayed for almost five years).

Under this plan, Defendants were entitled to AD&D benefits once they showed that death was the "direct result of the accident, independent of all other causes." Guardian repeatedly notified Defendants of this requirement. Although Guardian missed the initial 90-day deadline to determine AD&D benefits, it notified Defendants only five days later that it would avail itself of

the 90-day extension. And after the additional 90 days passed, defense counsel consented to an extension beyond the 180 days permitted under ERISA. Two months later, the Magistrate Judge stayed all deadlines pending the release of the medical examiner's report. Once the medical examiner released the report providing adequate proof of loss, Guardian issued AD&D benefits to Defendants 23 days later. In light of these facts, the Court finds that the delay was reasonably justified.

### B. Attorneys' Fees and Costs

Under ERISA, a court has broad discretion to award reasonable attorneys' fees and costs to prevailing parties. 29 U.S.C. § 1132(g); *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992). In determining whether to award attorney's fees, a court should consider the following five factors:

1. The degree of the opposing parties' culpability or bad faith;
2. The ability of the opposing parties to satisfy an award of attorneys' fees;
3. Whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
4. Whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
5. The relative merits of the parties' positions.

*Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1459 (5th Cir. 1995).

Applying these factors to this case, the Court finds that an award of attorneys' fees and costs is not warranted. There is no record of bad faith on the part of Guardian. Further, it is not clear that an award of fees in this case would deter other persons acting under similar circumstances, as the delay was largely due to the medical examiner's lack of responsiveness.

### III. Conclusion

Defendants' Motion is denied.

5

**SO ORDERED**, this the 10th day of April, 2018.

                                                 <u>s/ Carlton W. Reeves</u>
                                                 UNITED STATES DISTRICT JUDGE